**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Genesia Cook, | No. CV-07-8099-PCT-DGC |
| Petitioner, | **ORDER AND JUDGMENT** |
| vs. | |
| Donald Richard Cook, | |
| Respondent. | |

The Court ordered Respondent to return the parties' child to Petitioner in accordance with the Hague Convention on the Civil Aspects of International Child Abduction ("Convention"), as implemented by the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 et seq. Dkt. #20. Petitioner has applied for attorneys' fees and costs totaling $27,288.03. Dkt. #18. This application is supported by exhibits describing the expenses incurred by and on behalf of Petitioner related to the return of her child. Dkt. ##18-2, 18-3. Respondent opposes the application. Dkt. #21.

ICARA requires any court ordering the return of a child under the Convention to order the respondent to pay necessary expenses incurred by or on behalf of the petitioner "unless the respondent establishes that such order would be clearly inappropriate." 42 U.S.C. § 11607(b)(3). The purpose of this requirement is to restore the petitioner to the financial position he or she would have been in had there been no removal and to deter such conduct

1 from happening in the first place.  *See* Convention Text and Legal Analysis, 51 Fed. Reg.
2 10494, 10511 (Mar. 26, 1986); *Flynn v. Borders*, No. 5:06-323-JMH, 2007 WL 862548, *1
3 (E.D. Ky. Mar. 20, 2007).

4       Petitioner incurred $3,101.03 in expenses related to the return of her child, including
5 court costs and the cost of meals, lodging, and travel.  Dkt. #18-2.  The Court will award
6 Petitioner the full amount of her expenses because they were both necessary and reasonable.
7 42 U.S.C. § 11067(b)(3) (stating that covered expenses include "court costs, . . . foster home
8 or other care during the course of proceedings in the action, and transportation costs"); *see*
9 *Rydder v. Rydder*, 49 F.3d 369, 374 (8th Cir. 1995) (affirming award of more than $9,000
10 in expenses related to return of child); *Grimer v. Grimer*, Civ.A No. 93-4086-DES, 1993 WL
11 545261, at *2 (D. Kan. Dec. 8, 1993) (awarding costs of meals and travel totaling $1,752);
12 *Freier v. Freier*, 985 F. Supp. 710, 714 (E.D. Mich. 1997) (awarding $2,422 in travel costs);
13 *Distler v. Distler*, 26 F. Supp. 2d 723, 729 (D.N.J. 1998) ($1,823); *In re Application of Hirts*,
14 No. Civ.A.03-CV-03156, 2004 WL 1588227, at *1 n.1 (E.D. Pa. July 13, 2004) ($2,856).

15       Stephen Portell, an attorney with the law firm Quarles & Brady LLP, represented
16 Petitioner in this matter on a pro bono basis.  Mr. Portell spent more than 80 hours on the
17 case.  Dkt. #18-3.  Mr. Portell requests a fee award totaling $24,187.  Dkt. #18 at 2.
18 Respondent does not challenge this amount as unreasonable.  Rather, he states that he is
19 unable to pay it because he has no job and very little money.  Dkt. #21.

20       The Court has "discretion to reduce any potential award to allow for the financial
21 condition of the respondent."  *Berendsen v. Nichols*, 938 F. Supp. 737, 739 (D. Kan. 1996)
22 (citing *Rydder*, 49 F.3d at 373-74).  In light of Respondent's financial condition, and the fact
23 that Petitioner will awarded all of her expenses, the Court concludes that a fee award of
24 $24,187 would be "clearly inappropriate."  42 U.S.C. § 11607(b)(3).  The Court finds that
25 a fee award of $15,000, rather than $24,187, is more equitable.  *See Rydder*, 49 F.3d at 374
26 (reducing award from $18,487 to $10,000 due to the respondent's "straitened financial
27 circumstances"); *In re Application of Hirts*, 2004 WL 1588227 at *1 n.1 (reducing requested
28 award from $31,958 to $20,000); *Berendsen*, 938 F. Supp. at 739 (15% reduction); *Whallon*

*v. Lynn*, 356 F.3d 138, 139-41 (1st Cir. 2004) (affirming 25% reduction where the respondent was unable to pay the requested award). The Court further finds that an award of $15,000 is sufficient to deter future violations of the Convention.

**IT IS ORDERED:**

1. The verified application for attorneys' fees and costs (Dkt. #18) is granted in part and denied in part as set forth in this order.

2. Judgment for expenses and costs in the amount of $3,101.03 is granted in favor of Petitioner Genesia Cook and against Respondent Donald Richard Cook.

3. Judgment for attorneys' fees and costs in the amount of $15,000.00 is granted in favor of Petitioner's attorneys, Stephen Portell and the law firm Quarles & Brady LLP, and against Respondent Donald Richard Cook.

4. The judgments shall incur interest at the statutory rate of 4.14 percent per annum, pursuant to 28 U.S.C. § 1961.

5. The Clerk is directed to mail a copy of this order to Respondent at the following address:

> Donald Richard Cook
> 1548 North Garnet Drive
> Prescott, AZ   86303

DATED this 22nd day of October, 2007.

*David G. Campbell*
United States District Judge